Order, Supreme Court, Bronx County (Larry Schachner, J.), entered January 24, 2013, which denied the city defendants’ motion for summary judgment declaring that plaintiff is obligated to defend and indemnify them in an underlying personal *533 injury action, with leave to renew upon the completion of discovery, unanimously modified, on the law, to grant the motion to the extent of declaring that the city defendants are additional insureds under the subject policy, and otherwise affirmed, without costs.
While the city defendants engaged in dilatory conduct with respect to plaintiffs request for proof of their additional insured status under the policy issued to defendant Lonero Transit, by producing their full contract with Lonero, they eliminated any issue of fact whether they are insured under the policy. The contract requires Lonero to name the city defendants as additional insureds under the policy. Plaintiff does not challenge the sufficiency of this proof. Thus, discovery as to this issue is complete.
However, due to the city defendants’ dilatory conduct, further discovery is needed as to plaintiffs second reason for disclaiming coverage, the policy’s “Abuse or Molestation” exclusion. The record demonstrates that Lonero was placed on notice of this ground for disclaiming on or about July 27, 2011. However, it does not demonstrate whether the city defendants received notice of this second ground for disclaiming. The city defendants contend, based on plaintiff’s July 27, 2011 letter, that plaintiffs attempt, in its complaint filed September 26, 2011, to disclaim on the ground of the exclusion was untimely as a matter of law. However, the record does not demonstrate whether plaintiff was in possession of all the information it needed to disclaim coverage (see George Campbell Painting v National Union Fire Ins. Co. of Pittsburgh, PA, 92 AD3d 104, 111-112 [1st Dept 2012]). In its letter to Lonero of July 27, 2011, plaintiff requested a copy of Lonero’s contract with the city defendants to confirm their status as additional insureds and advised them of the “question” of the applicability of the abuse and molestation exclusion. Plaintiff was not provided with confirmation of additional insured status until the city defendants finally saw fit, in December 2012, to provide it with a full copy of their contract with Lonero.
Concur — Mazzarelli, J.P, Sweeny, Andrias, DeGrasse and Richter, JJ.